E. H. NEFF, Respondent, v. J. L. RHODES ET AL., Appellants.

Kansas City Court of Appeals, January 25, 1886.

1. EXECUTIONS—WHEN LIEN DISCHARGED.—If one having a lien should bring an ordinary action on account, *without reference to the lien,* and the judgment is independent of the lien, the levy of an execution on such a judgment, in such a case, discharges the lien. But a proceeding to enforce his lien, as provided for by the statute, will not have this effect; otherwise his compliance with the law involves the loss of the lien, which the law (statute) gives him.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

The case is stated in the opinion.

O. J. CHAPMAN, for the appellants.

I. There was no demand made for the horse prior to the suit. Defendant had lawful possession, if any.

II. The same rule governs in the lien of a livery man, under the statute, as in common law liens. When

the lienor once loses possession of the property upon which he has his lien, he also loses his lien. The livery-man's lien is just like a bailee's. The lien is secret in its character, and depends wholly on the possession of the property for its continuance. Plaintiff's lien, if he had one left up to the time the officer levied plaintiff's execution, was merged in the levy, and from that time plaintiff could only look to the officer. *Rogers v. Hotel Co.*, 14 Am. Law Reg. 246.

III. An alienation of the property by the owner, while in possession of the party holding the lien, will not divest it, for the allienee must take it subject to the encumbrance. Taking the property in execution at the suit of the party having the lien will destroy his lien by changing the possession from the bailee to the sheriff, even though the goods are allowed by the officer to remain with the party. The possession virtually vests in the sheriff to enable him to sell the goods. 3 Parsons on Contracts (5 Ed.) 241 ; *Evans v. Warren*, 122 Mass. 333.

IV. There was no proof that the property was wrongfully detained. 2 Greenl. Evid., sect. 560.

Braden, Broadus & Wait, for the respondent.

I. No demand was necessary, where defendant pleads property in himself and right of possession. See sect. 1018, Rev. Stat.

II. It was the way pointed out by the statute to enforce his lien, and the judgment and execution thereunder were proper. Sects. 3186–7, Rev. Stat.

III. The court will not permit a cause to be tried on one theory below and another here. *Bray, Adm'r, v. Siegelman, Adm'r*, 75 Mo. 31. Nor will this court review the facts found by the court, sitting as a jury. *Gains v. Fender*, 82 Mo. 9. No reverse of the finding is warranted by law. *Stone v. Spencer*, 7 Mo. 355.

IV. All of defendant's instructions ignore the fact that they were notified at time of purchase, of plaintiff's lien. They seek to obtain advantage of their own wrong.

ELLISON, J.—This is an action of replevin for one stallion. Plaintiff, who was a livery man, boarded two stallions for one\ Wyman, at fifteen dollars per month each, the bill amounting to ninety dollars. Defendants were hotel keepers and boarded Wyman himself. Wyman left the vicinity without paying the board of his horses to plaintiff, or of himself, to defendants. Plaintiff began proceedings to enforce his lien as provided by sections 3196-7, Revised Statutes, and defendants brought an attachment suit for their claim and attached the two stallions in plaintiff's stable. The constable levying the attachment, left the horses in the stable, but paid plaintiff for their keeping. Which of the parties began proceedings first, does not appear clearly; one witness says plaintiff, and the other defendants. Both parties obtained judgment, one enforcing his lien, and the other for the amount of Wyman's board bill. Executions under each judgment were placed in the constable's hands and were levied by him on the same day. Plaintiff's was given the constable first and properly levied first. Sale under each execution was advertised for the same day, but so far as appears from the evidence only the sale under defendants' execution took place, the plaintiff purchasing one of the stallions and defendants the other. Plaintiff caused it to be announced at the sale in the hearing of defendants that he had a lien on the horses for a feed bill. This suit is to recover the horse purchased by defendants at the sale under the execution as before stated.

The question presented by counsel is that plaintiff lost or waived his lien for the feed bill by levying the execution on the horses under his judgment enforcing his lien. Authorities cited by appellants holding that the levy of an execution discharges the lien, will be found on examination, to be executions base on judgments in suits independent of the lien, as if one having a lien should bring an ordinary action on account, without

reference to the lien. In this case, the plaintiff was proceeding to enforce his lien as provided by the statute. To say he lost it in such case, would be to hold that the statute gives him a lien and points out to him how he shall enforce it, which, if he obeys, is immediately lost to him.

The judgment, from the record before us, was for the right party, and it is affirmed. All concur.